## ALCOHOLIC BEVERAGE CONTROL DIVISION, State of Arkansas, et al *v.* R. C. EDWARDS DISTRIBUTING CO., INC., et al.

84-168                                        681 S.W.2d 356

Supreme Court of Arkansas
Opinion delivered December 21, 1984

*Stephen E. Morley,* and *Donald R. Bennett,* for appellant.

*Compton, Prewett, Thomas & Hickey, P. A.,* by: *William I. Prewett,* for appellee.

P. A. HOLLINGSWORTH, Justice. The Alcohol Beverage Control Board (hereinafter ABC) denied a request for a dual distribution plan which was filed by the appellees, who are licensed wholesale liquor dealers in Arkansas. The wholesale dealers appealed the agency's decision to Union County Circuit Court. The trial judge ruled in favor of the appellees, approving the plan. In addition, the judge held that ABC Regulation 2.16 was unconstitutionally vague. The ABC is appealing from that decision. This appeal is before us under Sup. Ct. R. 29 (1)(c) since we are being asked to consider the constitutionality of Regulation 2.16.

Historically, the ABC has required any wholesale dealers who register a brand of controlled beverage for distribution to distribute the beverage on a statewide basis or not at all, and to be the exclusive distributor for that registered brand. The appellees here are asking the ABC to allow them to carve the state up into districts and to allow different distributors to carry the same brands.

The ABC Board in its decision ruled that Arkansas was not ready for dual distributorships at the wholesale liquor level and that additional rules and regulations would be necessary to govern a system such as that proposed by the appellees.

The appellants raise several arguments for reversal, but

we only find merit in two and will address these here. We affirm the trial court on all points.

The appellant contends that the decision of the ABC Board should have been upheld by the trial court since it was not arbitrary and capricious nor characterized by an abuse of discretion and that it was error to find Regulation 2.16 unconstitutionally vague.

When we review administrative decisions, we review the entire record to determine whether there is any substantial evidence to support the agency's decision, or if there was arbitrary and capricious action or an abuse of discretion by the board. *Green* v. *Carder*, 282 Ark. 239, 667 S.W.2d 660 (1984).

In a letter opinion, the trial judge found that the board's action was arbitrary and capricious. In support of this holding, the judge discussed the validity of Regulation 2.16. The regulation provides:

WHOLESALERS TO REGISTER BRANDS OF CONTROLLED BEVERAGES: MANUFACTURERS AND WHOLESALERS NOT TO CHANGE BRANDS WITHOUT APPROVAL OF DIRECTOR. All persons holding permits to wholesale controlled beverages must register with the Director the brands of controlled beverages handled and distributed in this state. No person holding a wholesale permit shall add an additional brand to his stock without first securing the written approval of the Director, and no manufacturer shall transfer a brand from one wholesale distributor to another or create dual distributorships on the same items without first securing the written approval of the Director. In granting or denying such approval, the Director shall notify any wholesaler affected and consider any objections made in writing by the wholesaler. If the Director disapproves the transfer the brand shall remain in the status quo. If at any time the Director is of the opinion that a distiller, rectifier, or importer is not shipping his wholesalers a reasonable amount of merchandise he may withdraw his approval

of all their brands.

The trial judge found that the ABC Board based its denial of brand registrations to the appellees on the basis that such brands can be registered only to one distributor in the state under Regulation 2.16. The trial judge further found there is no dispute that the regulations do not define "dual distributor." To define the term, the parties relied on the "customs of the trade" usuage. The court held:

> [R]egulations must have some reasonable relationship to the intent and purpose of the law; they must not be so abstract and indefinite as to permit nebulous subjective factors to be determinative. Regulation 2.16 does not meet this test and is invalid in at least two regards as written.

> First, there is no time frame or limit set forth in the regulation which regulates timely approval or disapproval of petitions. [This] . . .permits arbitrary action and uncertainty. It allows an entity to indefinitely delay action and this in itself breeds capricious decision. Secondly, resort to the "customs of the trade" is so vague and uncertain that it permits and allows and necessarily fosters arbitrary action.

We agree. In *Davis* v. *Smith*, 266 Ark. 112, 583 S.W.2d 37 (1979), we discussed the standard of review for statutes regulating business, an analogous situation. We said in *Davis* that a statute was too vague and indefinite when the terms "unjust, unreasonable and excessive" as applied "had no commonly recognized or accepted meaning and the statute contained no provision pointing to what should be deemed a just, reasonable and not excessive price, and there was no accepted and fairly stable commercial standard which could be regarded as impliedly taken up and adopted by the statute." We stated that "the exaction of obedience or requiring conformity to a standard which is so vague and indefinite amounts to no rule or standard at all."

Furthermore; "[a] statute or ordinance which in effect reposes an absolute, unregulated, and undefined discretion

in an administrative agency bestows arbitrary powers and is an unlawful delegation of legislative powers." 1 Am Jur 2d *Administrative Law* § 108 p. 908 (1962).

The action of the board was arbitrary and Regulation 2.16 is unconstitutionally vague. We therefore affirm the trial judge.

Affirmed.