Mr. Bobby Norman Director, Commission on Law Enforcement Standards and Training P.O. Box 3106 East Camden, AR
Dear Mr. Norman:
This is in response to your request for an opinion with regard to a proposed rule involving the psychiatric examination which is part of the minimum standards for employment as a law enforcement officer, as promulgated by the Commission on Law Enforcement Standards and Training ("Commission"). You have asked the following specific question in this regard:
 Does the Commission have the authority to establish a rule stating that the results of the first psychological examination are binding?
It is my opinion that the answer to this question is, generally, "yes."
As noted in your correspondence, the current minimum standards require that every office employed by a law enforcement unit shall "[b]e examined by a licensed psychiatrist or licensed psychologist, who, after examination, makes recommendations to the employing agency. (See Specification S-7)." Executive Commission on Law Enforcement Standards and Training Rules and Regulations Manual 1002 (1984 Revision). "Specification S-7" of the rules and regulations is entitled "Psychological Examination Report," and sets forth certain requirements and procedures in connection with the psychological testing. Manual, p. 31-32.
The regulation which establishes the general psychiatric or psychological examination requirement appears to be reasonable and job-related. See, generally, Gilbert v. City of Little Rock,544 F. Supp. 1231 (E.D.Ark. 1982). Such a regulation would, it seems, fall within the Commission's power to determine facts upon which the law in intended to operate, and would not be deemed to constitute a usurpation of legislative authority. See, generally, Hogue v. The Housing Authority of North Little Rock, 201 Ark. 263,144 S.W.2d 49 (1940). The requirements and procedures outlined under Specification S-7 appear, moreover, to reflect definite standards and guidelines in connection with the required testing.
This latter observation has particular significance when considering the reasonableness of the proposed rule. This rule must be considered together with existing regulations governing the psychological examination report. Designation of the first psychological examination as binding would, in light of these existing regulations, appear to satisfy the following test, which was approved by the Arkansas Supreme Court in the case of Alcoholic Beverage Control Div. v. R.C. Edwards Dist. Co., 284 Ark. 336,681 S.W.2d 356 (1984):
 [R]egulations must have some reasonable relationship to the intent and purpose of the law; they must not be so abstract and indefinite as to permit nebulous subjective factors to be determinative. . . .
284 Ark. at 339.
A requirement that the first examination be controlling, in the absence of Specification S-7's standards and guidelines, might be subject to attack as fostering arbitrary action and uncertainty. See, generally, ABC v. R.C. Edwards, supra. The existing regulations, however, appear to be neither abstract nor indefinite. And it is my opinion that the proposed rule, when viewed together with these regulations, is reasonable and within the regulatory authority of the Commission.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.